EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PETRA VALLE FIGUEROA, acusada y apelante.

Núm. 7859.—*Sometido:* Noviembre 10, 1939. *Resuelto:* Febrero 7, 1940.

*Enrique Báez García,* abogado de la apelante; *R. A. Gómez, Fiscal,* abogado de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

La apelante fué acusada y convicta de una infracción a la sección 4 de la Ley núm. 25 de 1935. La denuncia lee así:

"Que en 10 de agosto, 9 a. m., de 1938, y en la calle Tamarindo de Mayagüez, P. R., que forma parte del Distrito Judicial Municipal de Mayagüez, la acusada, Petra Valle Figueroa, allí y entonces, ilegal, voluntaria, maliciosa y criminalmente portaba y conducía en su persona 5,000 fracciones de *tickets* o boletos, relacionados y correspondientes a doce bancas o loterías clandestinas o *bolipools,* que se explotan en esta Ciudad, denominadas La Bodega, etc., no autorizadas por la ley, cuyas fracciones de *tickets* o boletos los portaba

y poseía la aquí acusada a sabiendas de que las mismas pertenecían y se estaban utilizando en la explotación clandestina de dichas bancas o loterías clandestinas o *bolipools,* violando la ley. Que los compradores de dichos *tickets,* boletos o fracciones de éstos, corren la suerte o aventura de ganar dinero en premios.''

En el presente recurso se alega que la corte sentenciadora erró al no absolver perentoriamente a la acusada por existir incongruencia entre las alegaciones y la prueba; al declarar culpable a la acusada sin que existiera prueba de su culpabilidad y sin que se estableciera que ella estaba incurriendo en alguno de los actos castigados por la ley; y al no·dar a la acusada el beneficio de la duda razonable. Por referirse todos los supuestos errores a la suficiencia de la prueba, los discutiremos conjuntamente.

■■ Para sostener la acusación, el fiscal presentó el testimonio del policía denunciante, quien declaró: que el día 10 de agosto de 1938, a las 9 de la mañana vió a la acusada en la calle Tamarindo de Mayagüez; que iba de recorrida con otro detective y al llegar a la residencia de Obdulia Rivera la acusada estaba allí en el balcón; que cuando él y su compañero subieron, la acusada tiró un pote y un paquete que contenía cinco mil fracciones de *bolipool*; que eran *tickets* de *bolipool*, de una lotería clandestina e ilegal, que se usan para venderlos y se ganan premios; que ocupó además unas libretas y lápices; que los *tickets* y demás efectos los encontró en un patio de una casa contigua a la de Obdulia Rivera; que fué la acusada la que los lanzó al sitio donde él los encontró. Y repreguntado por la defensa, contestó que él y su compañero iban en automóvil en persecución de un hombre que había cometido un escalamiento; que se bajaron frente a la casa de Obdulia Rivera para investigar sobre los objetos robados; que al desmontarse vieron a la acusada que corría y la vieron tirar los objetos por la ventana del lado de la casa. Por las declaraciones de los testigos de defensa quedó establecido el hecho de que la casa en cuestión está situada en una esquina de la calle Tamarindo.

La alegada incongruencia consiste, según la apelante, en que en la denuncia se dice que la acusada *portaba y conducía* en su persona *por la calle Tamarindo* de Mayagüez los *tickets* de *bolipool,* y la prueba demuestra que el policía vió a la acusada en un balcón de una casa de dos plantas, cuando tiraba los *tickets* por la ventana, y no que la viese portando o conduciendo dichos *tickets por la citada calle.*

No existe, a nuestro juicio, la alegada incongruencia. Las palabras "y en la calle Tamarindo de Mayagüez" que figuran al principio de la denuncia, sólo tienen por objeto determinar el sitio donde se cometió el delito, para fijar de ese modo la jurisdicción de la corte ante la cual se formula la denuncia. La denuncia no alega que la acusada "portaba y conducía" los *tickets* "por la calle Tamarindo." Lo que alega es que la acusada los portaba y conducía "en su persona" y "en la calle Tamarindo." La ley no requiere, para la consumación del delito, que los *tickets* sean portados o conducidos por o a lo largo de una calle. La sección 4 de la ley dice:

"Toda persona que fuere sorprendida portando o conduciendo cualquier papeleta, billete, *ticket,* libreta, lista de números o implementos, a sabiendas de que se utilizan o están utilizando para los juegos ilegales de la 'bolita,' '*boli-pool,*' combinaciones clandestinas relacionadas con los '*pools*' de los hipódromos de Puerto Rico, y loterías clandestinas, y toda persona que vendiere éstos o cualesquiera otros análogos que se probare representar algún billete, suerte, acción o interés en dichos juegos ilícitos o conectados con la práctica de los mismos, será arrestada inmediatamente,..."

■ La prueba del Pueblo, a la que dió crédito la corte sentenciadora, demuestra que la acusada, estando en una casa situada en la calle Tamarindo, fué vista portando en sus manos, o sea en su persona, y lanzando al solar contiguo a dicha casa los *tickets* o boletos de *bolipool* ofrecidos en evidencia. Esa prueba es a nuestro juicio suficiente para sostener la acusación.

*Debe confirmarse la sentencia recurrida.*